## PACIFIC AMERICAN FISHERIES, Inc., v. UNITED STATES.

## ALASKA PACIFIC SALMON CO. v. UNITED STATES.

### No. 10395.

Circuit Court of Appeals, Ninth Circuit.

Oct. 18, 1943.

---

Kerr, McCord & Carey, and Stephen V. Carey, all of Seattle, Wash., for appellants.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Mills Kitchin, Sp. Assts. to Atty. Gen., J. Charles Dennis, U. S. Atty., of Seattle, Wash., Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., and Thomas R. Winter, Sp. Asst. to Chief Counsel, of Seattle, Wash., for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

This case presents the question of whether the value of board and lodging, furnished to appellant's employees while in Alaska during the operating season, under the circumstances shown, constitutes wages taxable for social security purposes.

The Pacific American Fisheries, Inc., and Alaska Pacific Salmon Company, appellants, operate salmon packing plants in remote locations in Alaska. They each paid social security taxes on account of their 1937, 1938 and 1939 operations. The taxes paid included amounts computed upon the value of board and lodging furnished the employees at canneries in Alaska. Claims were made for refunds for the taxes paid on the value of the board and lodging that was furnished to employees. The claims were rejected and actions were brought in the District Court to recover said amounts, and recovery was denied. From these decisions, these appeals are taken and the two cases are presented together. There was considerable testimony that there were no living accommodations or places where employees could secure lodging or meals in these remote places where the appellants' fishing operations were conducted. In fact, it was necessary for the companies to furnish doctors or medical care in some of the locations that were too isolated and where medical attention could not be easily or readily obtained.

During the year 1938, the packers and unions could not agree on wages and it was finally agreed to form a fact-finding board to consider the subject of wages to be paid during the coming season. There was testimony that at the time the Board had under consideration the basic pay, there was no consideration of board and lodging because there was no controversy over that—it had always been furnished to the outside employees as distinguished from

residents of Alaska. However, it was testified that it was brought to the attention of the Board that in fixing the basic pay they must take into consideration the fact that the company was furnishing board and room. The fact that the company furnished board and lodging was always taken into consideration. There had been controversies from time to time over the quality of the lodging and food furnished.

Through stipulation of counsel some portions of the labor contracts were admitted as exhibits. In addition to other general and specific provisions for furnishing of lodging and subsistence and provisions for cash remuneration, the contracts provided in some instances: for the quality and amount of food, bed linen, etc.; that in "addition to salary the company agrees to furnish suitable and habitable living quarters and wholesome meals of good quality and sufficient quantity"; extra compensation for work done during meal time; in addition to provisions for remuneration "will furnish food up to the value of $45 per man—All food used in excess of $45 per man shall be charged to and deducted from their respective accounts"; and "he shall receive wages at the rate of $90 per month and also board for time worked."

It thus appears that appellant by contract was required to maintain these employees as part of their remuneration. The value of the lodging and sustenance furnished constituted a very substantial portion of this remuneration. For instance, in the case of the appellant American Fisheries, Inc., its returns for 1937 showed that the value of this sustenance and lodging furnished was approximately $167,859.50 and for 1938 about $147,482.74 and for 1939 upwards of $129,000, a total of more than $444,000.

■ Generally speaking, the term wages means compensation for labor or services, which may be in the form of money paid or other value given, such as board, lodging or clothes. 67 Corpus Juris, page 284; Schumann v. California Cotton Credit Corporation, 105 Cal.App. 136, 286 P. 1068, 1070.

■ As defined by the Social Security Act, Title 42, U.S.C.A. § 1011, wages "means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash".

The appellants, however, contend that the term wages by analogy should be construed not to include board and lodging under the Social Security Act where the board and lodging is furnished for the convenience of the employer as is the situation in computing such board and lodging for income tax purposes. The income tax regulation, § 7727, Prentice-Hall, provides: "If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. *If, however, living quarters or meals are furnished to employees for the convenience of the employer,* the value thereof need not be computed and added to the compensation otherwise received by the employee." [Italics our own.]

The application of this regulation to the computation of social security tax would be on the presumption that income tax and social security tax are taxes of the same nature. This is not so. Income taxes are revenue, levied to defray the expenses of the government. The Social Security Act, 42 U.S.C.A. § 301 et seq., provides for old age security, unemployment insurance, security for child dependents, etc. It expressly was enacted for the benefit of the payee of wages. It is possible that what might not be taxable income for income tax purposes might constitute wages under the provisions of the Social Security Act. There are no cases where a similar construction of the term "wages" as appears in the income tax cases is made in determining wages for Social Security Tax purposes.

Not only does the Social Security Act expressly state that wages means the cash value of all remuneration paid in any medium whether in cash or not and the Act does not enumerate any exceptions, but on the contrary Treasury Regulations 91, under Title VIII of the Social Security Act, provides:

"Article 14. Wages.—The term 'wages' means all remuneration for employment * * *.

"The name by which the remuneration for services is designated is immaterial * * *.

"The medium in which remuneration is paid is also immaterial. It may be paid in cash or in something other than cash, such as goods, lodging, food and clothing * * *."

Moreover, there was testimony that on numerous occasions during the negotiations

looking to the execution of agreements between the union and appellant companies this matter of board and room being furnished was discussed. In some of the agreements as heretofore pointed out the value was specifically agreed upon. Significant too is the testimony that some of the workers did not get board and lodging and that such workers received "more money for the fish and more money for their labor."

This differential paid in cash to workers who resided in Alaska and who did not receive board and lodging strongly indicates that board and lodging were part of the wages and not merely for the convenience of the employer.

Affirmed.