The S. S. KRESGE COMPANY, a Michigan corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 21886.

United States District Court
E. D. Michigan, S. D.

June 4, 1963.

Paul R. Trigg, Jr., Allan Neef, Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiff.

Donald R. Anderson, Dept. of Justice, Tax Division, Civil Trial Section, Washington, D. C., Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., for defendant.

FREEMAN, District Judge.

This is an action brought by S. S. Kresge Company (hereinafter referred to as "Kresge" or "taxpayer") for a refund of taxes assessed by the District Director of Internal Revenue under the provisions of the Federal Insurance Contributions Act (hereinafter referred to as "F.I.C.A."), I.R.C. ¶ 3101, et seq., and the Federal Unemployment Tax Act (hereinafter referred to as "F.U.T.A."), I.R.C. ¶ 3301, et seq., for the fourth quarter of 1958 and for the year 1959.

Kresge and the District Director were able to stipulate to certain facts, but testimony was taken to enable the Court to make any additional and necessary findings of fact.

The stipulated facts can be summarized as follows. The taxpayer, a Michigan corporation with its principal office in that State, is engaged in the business of operating a large chain of limited price variety stores, each of which is composed of different departments, usually numbering over forty, including, in most stores, a lunch counter or soda fountain department (hereinafter referred to as "fountain department"), which serves light lunches and blue plate specials. During the last quarter of 1958, Kresge furnished its fountain department employees free meals of the value (at Kresge's cost) of $108,969.22, with Kresge paying an F.I.C.A. tax on this amount of $2,451.81; and for the calendar year 1959 the value (at Kresge's cost) of the meals taxpayer furnished such employees totaled $429,407.86, with it paying a F.I.C.A. tax of $10,735.20 and a F.U.T.A. tax of $1,288.22. On April 5, 1961, Kresge filed proper claims for a refund of these F.I.C.A. and F.U.T.A. taxes.

It was also stipulated that on October 29, 1954, the Commissioner of Internal Revenue had ruled that the value of the meals Kresge furnished its employees did not constitute wages for the purposes of the taxes in question, but that subse-

quently in 1957 the Commissioner issued Revenue Ruling 57–471 which held that the fair value of meals furnished lunch counter and cafeteria employees constituted "wages" for F.I.C.A. and F.U.T.A. purposes. Consequently, on April 1, 1958, Kresge inquired about the effect of Revenue Ruling 57–471, which resulted in the Commissioner, on September 15, 1958, revoking his prior ruling of October 29, 1954.

The testimony revealed that any food department employee whose work shift included a meal period was entitled to a half hour off for his meal, but if such employee agreed to remain in the store and, if necessary, to interrupt his meal and return to work, he would be furnished a free meal not to exceed the retail price of 75¢, or a cost of 30¢ to the taxpayer. If the meal the employee chose exceeded the 75¢ price or 30¢ cost maximum, he paid the difference, but if the meal he selected was below such amount, the employee received no credit for that difference. None of the fountain department employees were required by Kresge to take their lunches on its premises and they were free to leave the store during their lunch period. However, if any fountain department employee chose to leave the store during any particular meal period, he forfeited forever his right to that meal. A prospective food department employee was not told of taxpayer's arrangement for its food department employees until sometime during his training program, and such arrangement was not available to taxpayer's other employees who received a full hour for lunch.

The testimony also indicated that taxpayer's program for its fountain department employees was found in many places throughout the restaurant industry and that in some instances, the meals may not be free.

Kresge contends that the meals it furnishes its fountain department employees are not subject to F.I.C.A. and F.U.T.A. taxes because: (1) those meals are furnished for its convenience and not as compensation to the employee and, con-

sequently, fall within the "convenience of the employer" rule; and (2) even if such rule is not applicable to F.I.C.A. and F.U.T.A. taxes, the facts indicate that the meals furnished are not remuneration for services within any normal meaning of that phrase.

In support of his position that the meals are subject to the taxes, the District Director argues: (1) that the "convenience of the employer" test is not applicable to F.I.C.A. and F.U.T.A. taxes; and (2) that even if such test did apply to those taxes, the meals which taxpayer provided its fountain department employees were wages for F.I.C.A. and F.U. T.A. purposes.

Sections 3121 and 3306 of Title 26 U.S. C.A., which respectively pertain to the F.I.C.A. and F.U.T.A. taxes, read in pertinent part as follows:

"For purposes of this chapter, the term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash; * * *." (§ 3121(a) and § 3306(b).)

"For purposes of this chapter, the term 'employment' means * * * any service, of whatever nature performed * * * by an employee for the person employing him * * *." (§ 3121(b) and § 3306(c).)"

By its first contention, Kresge is attempting to engraft the "convenience of the employer" rule to the F.I.C.A. and F.U.T.A. taxes. For many years, the Commissioner of Internal Revenue and the courts have recognized that this rule allows an employee to exclude from his taxable income the value of meals or lodgings which are furnished to him by his employer provided certain conditions exist. Congress has now recognized this rule and enacted it in statutory form in section 119 of the Internal Revenue Code of 1954. It appears that the Commissioner has not been consistent in ruling on whether the "convenience of the employer" test applies to F.I.C.A. and F.U. T.A. taxes, and his present position is that it does not. However, the doctrine

of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law. Automobile Club of Mich. v. Commissioner, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957).

The only case which has come to the attention of this Court dealing precisely with this issue is the case of Pacific American Fisheries v. United States (C. A.9, 1943), 138 F.2d 464. That decision discussed the applicability of an income tax regulation dealing with the "convenience of the employer" rule to F.I.C.A. and F.U.T.A. or social security taxes, and at p. 465 stated:

> "The application of this regulation to the computation of social security tax would be on the presumption that income tax and social security tax are taxes of the same nature. This is not so. Income taxes are revenue, levied to defray the expenses of the government. The Social Security Act, 42 U.S.C.A. § 301 et seq., provides for old age security, unemployment insurance, security for child dependents, etc. It expressly was enacted for the benefit of the payee of wages. It is possible that what might not be taxable income for income tax purposes might constitute wages under the provisions of the Social Security Act. There are no cases where a similar construction of the term 'wages' as appears in the income tax cases is made in determining wages for Social Security Tax purposes."

See also Southern Pac. Co. v. Joint Council Dining Car Employees (CA 9, 1947), 165 F.2d 26, 31–32, which held that wages under § 3(m) of the Fair Labor Standards Act, 29 U.S.C.A. § 203(m), included the cost of meals that the employer provided and that the "convenience of the employer" doctrine is not applicable to such section.

The reasoning of the Court in Pacific American Fisheries v. United States, supra, is consistent with the rationale of the "convenience of the employer" rule. That rule is a method by which tax relief from the payment of income taxes is provided to an employee who meets the conditions of such rule. However, social security taxes levied upon an employer are excise taxes to help finance a program of social insurance whereby benefits may be paid to the retired and disabled and their dependents. Helvering v. Davis, 301 U.S. 619, 640, 57 S.Ct. 904, 81 L.Ed. 1307. There is no evidence that Congress, in enacting the Social Security Act, intended the "convenience of the employer" doctrine to apply to F.I.C.A. and F.U.T.A. taxes, but to the contrary, the committee reports recommending enactment of the Social Security Act state that for F.I.C.A. and F.U.T.A. taxes "wages include not only the cash payments made to the employee for work done, but also compensation for services in any other form, such as room, board, etc." H.Rep.No.615, 64th Congress, 1st Session, p. 21 (1935).

This Court concludes that the "convenience of the employer" doctrine does not apply to F.I.C.A. and F.U.T.A. taxes.

Moreover, the undisputed testimony showed that the taxpayer's fountain department employees are not required to take their meals at the lunch counter or fountain. In order to come within the "convenience of the employer rule", it is essential that the employee be required to accept the meals in order to properly perform his duties. Saunders v. Commissioner of Internal Revenue (CA 3, 1954), 215 F.2d 768; Diamond v. Sturr (CA 2, 1955), 221 F.2d 264; Commissioner of Internal Revenue v. Doak (CA 4, 1956), 234 F.2d 704. See also Boykin v. Commissioner of Internal Revenue (CA 8, 1958), 260 F.2d 249 (applying § 119 of the Internal Revenue Code of 1954).

The evidence is clear that the taxpayer provided, as optional, free meals to its fountain department employees for the purpose of having them available to render assistance in case a rush of customers diverged upon the lunch counter or soda fountain and was

not given to better enable the employees to perform their duties during their normal working hours. The free meals that Kresge furnished constituted the *quid pro quo* or remuneration for the half hour meal period that the employees made themselves available and for the services they possibly would perform.

This Court concludes that even if the "convenience of the employer" doctrine applies to F.I.C.A. and F.U.T.A. taxes, the facts of the case at bar clearly do not bring it within such rule.

An appropriate order may be submitted.