The S. S. KRESGE COMPANY, a Michigan corporation, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 17073.

United States Court of Appeals Sixth Circuit.

June 21, 1967.

Edward C. Hanpeter, Detroit, Mich., for appellant, Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., on brief.

Crombie J. D. Garrett, Atty., Dept. of Justice, Washington, D. C., for appellee, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., on brief, Lawrence Gubow, U. S. Atty., Milton J. Trumbaure, Jr. Asst. U. S. Atty., Detroit, Mich., of counsel.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is appellant Kresge's second attempt to recoup taxes paid the United States on the value of lunches which it furnishes free to its lunch stand employees during their half-hour lunch periods. The statutes involved are the Federal Insurance Contributions Act (26 U.S.C. §§ 3101–3125 (1964)), and the Federal Unemployment Tax Act (26 U.S. C. §§ 3301–3308 (1964)) which provide funds for social security and unemployment benefits, respectively.

The first such effort on the part of appellant pertaining to taxes paid in 1958 and 1959 resulted in a judgment for the defendant in a careful opinion by Judge Ralph M. Freeman of the United States District Court for the Eastern District of Michigan, S. S. Kresge Co. v. United States, 218 F.Supp. 240 (E.D.Mich. 1963). Judge Freeman held that the value of the meals furnished was taxable because the meals were furnished by Kresge for the purpose of having the employees available in order to help out in case of a rush of customers, in which instance it was conceded they were called upon. He also held that the "convenience of the employer rule" employed to determine whether or not free meals are taxable to an employee as "wages" under the federal income tax statutes (see 26 U.S.C. § 119 (1964)) was inapplicable. Judge Freeman cited and relied upon a Ninth Circuit case, Pacific American Fisheries, Inc. v. United States, 138 F.2d 464 (C.A.9, 1943).

In the instant proceeding filed in the same court, Kresge seeks to recoup taxes paid under identical circumstances for the years 1960, 1961 and 1962. Kresge claimed before the U. S. District Judge Fred M. Kaess and claims before us, that enhancement of the instant record to show that employees did not have to remain on the premises for the entire lunch period, but could eat and leave, or leave and return early and eat, warranted a different result. Judge Kaess held that this factual distinction did not serve to alter the controlling legal principles and dismissed the complaint on appellee's motion on the authority of the final decision in the prior case.

The governing statutes provide as follows:

§ 3121(a): "[T]he term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash; except that such term shall not include  *  *  *"

§ 3121(b): "[T]he term 'employment' means  *  *  * any service, of whatever nature, performed  *  * by an employee for the person employing him  *  *  *." Federal Insurance Contributions Act, 26 U.S.C. §§ 3121(a), (b) (1964).

　　*　　*　　*　　*　　*　　*

§ 3306(b): "[T]he term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash; except that such term shall not include  *  *  *"

§ 3306(c): "[T]he term 'employment' means any service  *  *  * of whatever nature, performed  *  *  * by an employee for the person employing him  *  *  *." Federal Unemployment Tax Act, 26 U.S.C. § 3306(b), (c) (1964).

Treasury Regulations applicable to both FICA and FUTA taxes presently read as follows:

"(f) Ordinarily, facilities or privileges (such as entertainment, medical services, or so-called 'courtesy' dis-counts on purchases), furnished or offered by an employer to his employees generally, are not considered as remuneration for employment if such facilities or privilege are of relatively small value and are offered or furnished by the employer merely as a means of promoting the health, good will, contentment, or efficiency of his employees. The term 'facilities or privileges,' however, does not ordinarily include the value of meals or lodging furnished, for example, to restaurant or hotel employees or to seamen or other employees aboard vessels, since generally these items constitute an appreciable part of the total remuneration of such employees." 26 C.F.R. § 31.3121(a)–1 and § 31.3306 (b)–1.

Appellant points out that neither the regulation nor the statutes really determine whether or not its free lunches were a part of compensation as opposed to "a management tool that is essential to the efficient operation of Kresge's fountain departments." It argues that absent the free lunch policy, it could not enforce its thirty minute lunch period. It also argues that the convenience of the employer rule (once recognized by the Treasury in FICA and FUTA cases and now applicable to determine wages for income tax purposes) should be applied.

We believe, as Judge Kaess held, that the record here is identical for purposes of statutory interpretation to that dealt with by Judge Freeman in Kresge Co. v. United States, supra. The Treasury Regulation quoted above seems to us to establish a reasonable presumption that free meals furnished restaurant employees are generally a part of "wages" for FICA and FUTA purposes. We do not find anything in this record to rebut that presumption, particularly where the policy of furnishing the free meals leads directly to the availability of employees for rush business employment and where the record clearly shows that they are both called on and required to work if available.

Affirmed.