**ROYSTER COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 270–71–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

April 18, 1972.

Richard B. Spindle, III, Allan G. Donn, Norfolk, Va., for plaintiff.

Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., Helen E. Marmoll, U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendant.

## MEMORANDUM OPINION

MacKENZIE, District Judge.

Royster Company (a fertilizer manufacturer) sues here to recover $11,327.11 representing withholding and employment taxes and interest paid under protest for 1965 and 1966. The suit hinges upon the definition of "wages" as it is applied in the tax statutes governing the obligation of employer to withhold income taxes and to collect other taxes under the Federal Insurance Contributions Act (FICA) and Federal Unemployment Tax Act (FUTA).

The stipulated facts are that Royster during the years in question reimbursed its salesmen for their actual cost of meals purchased by them during a day on the road. None of the reimbursement represents payment for meals of salesmen when required to sleep or rest in their territory. Rather, most of the meals were lunches for salesmen who were returning home the same night. It is these amounts, reimbursements for actual meals, which the United States says should have been treated as wages and had the appropriate withholdings deducted therefrom.

In the three statutes involved, "wages" are defined as either ". . . all remuneration *for employment*, including the cash value of all remuneration paid in any medium other than cash . . ." or ". . . all remuneration . . . *for services performed* by an employee for his employer, including the cash value of all remuneration paid in any medium other than cash . . . ." 26 U.S.C. (FICA) § 3121(a), (FUTA) § 3306(b), (Income) § 3401(a) [Emphasis added].

We find that the terms "remuneration for employment" and "remuneration for services performed" have the same essential meaning.

Royster argues that reimbursement for the actual cost of a meal is not a return for the substance of the salesmen's employment—i. e. not for any service performed. He is paid a salary and commission for that. The purpose of the reimbursement was to hold the salesmen free from financial loss while on the road, presumably in rural districts some distance from home. The salesman was not required to do anything additional for the company or to perform any service in order to have his actual expenditure for lunch cost reimbursed. Eating in the territory was not a re-

quirement of the employment but the salesmen could do so and Royster would bear the expense.

It is suggested that throughout presuit administrative negotiations in this matter the Government has taken the position that Code sections governing the employer's liability for taxes on account of income tax withholding, FICA and FUTA taxes are *in pari materia* with the sections governing the income tax treatment of employees, i. e., that if a payment to an employee is taxable income (not deductible), then it would follow that the employer had the absolute duty to withhold taxes on any such payment.

In its brief and argument before this court, the Government concedes that its *in pari materia* argument has been advanced and denied in at least five recent cases.[1] At trial it abandons the contention that in all instances the income tax provisions relating to tax liability of employees are *in pari materia* with employment tax provisions, and only argues that with respect to reimbursements for meal expenses, their non-deductibility to the employee is further evidence of the Government's major premise that such payments are "wages".

Hence the sole issue here, and all that this court will decide, is whether the meal cost reimbursements as hereinbefore described as made by plaintiff to its salesmen in 1965 and 1966, constituted "wages" and therefore subject to FICA, FUTA and Income Tax withholding.

The issue is one of fact for this court's determination from the evidence before it. See Acacia Mutual Life Insurance Co. v. United States, 272 F. Supp. 188, 194 (D.Md.1967).

The reimbursements here paid to plaintiff's salesmen were the actual cost of meals, just that and nothing more.

1. Acacia Mutual Life Insurance Co. v. United States, 272 F.Supp. 188 (D.Md. 1967); Humble Oil & Refining Co. v. United States, 442 F.2d 1362, 194 Ct.Cl. 920 (1971); Humble Pipe Line Co. v. United States, 442 F.2d 1353, 194 Ct.Cl. 944 (1971); Peoples Life Insurance Co. v. United States, 373 F.2d 924, 179 Ct.Cl. 318 (1967); and Stubbs, Overbeck & Associates, Inc. v. United States, 445 F.2d 1142 (5th Cir. 1971).

The reimbursement was not a regular payment in the sense that it would be made without a supporting individual claim for each meal; it was not made unless it was in fact an actual reimbursement, after the fact; it was not made if the meal was not purchased; it was not dependent for reimbursement as to title or status of the salesman; it was not in any wise measured for reimbursement on any salary or commission level of the salesman; it did save the Company the additional mileage expense if the salesman chose to remain in the sales territory and not return to his home area for a meal.

■ We are convinced that it was not a "remuneration for any service performed" as "wages" are defined in Section 3402(a) of the Internal Revenue Code of 1954, and there was no requirement on the employer to withhold income taxes; nor can we equate it to "remuneration for employment" under Sections 3102 or 3121(a) of the Code requiring deduction for social security taxes (FICA); nor "remuneration for employment" under Section 3301 of the Code imposing a tax on employers for unemployment benefits (FUTA).

■ The facts surrounding a payment to an employee must be examined on a case-by-case basis to determine whether it is a wage payment under applicable statutes. It would appear, therefore, that the almost total reliance by the Government on S. S. Kresge Co. v. United States, 218 F.Supp. 240 (E.D. Mich.1963) is misplaced. In *Kresge*, lunch counter employees were given free lunches in order to keep them at the lunch counters where they would serve customers, *during what would otherwise have been the employee's lunch period.* Thus the free lunches were held to be "wages" because said the court:

"The evidence is clear that the taxpayer provided, as optional, free meals to its fountain department employees for the purpose of having them available to render assistance in case a rush of customers diverged upon the lunch counter or soda fountain and was not given to better enable the employees to perform their duties during their normal working hours. The free meals that Kresge furnished constituted the *quid pro quo* or remuneration for the half hour meal period that the employees made themselves available and for the services they possibly would perform." [At pages 243, 244].

Nor do we find that the conclusions in United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967), of much benefit here. All that case decided was that meal expenses incurred by a salesman on a business trip that did not take him away from home overnight were not deductible by him. But there are many instances of inclusions in an employee's taxable income that are not "wages" for withholding, FICA and FUTA treatment.

The Government itself has backed off from the argument that non-deductibility to the employee is synonymous with an absolute requirement for withholding by employer.

*Correll,* in late 1967, recognized the conflict between circuits on certain meal reimbursements to salesmen. Subsequent to that decision the Internal Revenue Service issued Rev.Rul. 69–592, 1969–2 Cum.Bul. 103:

"Unless it is reasonable to believe, under all the facts and circumstances *known to the employer at the time of reimbursement* that the total per diem allowances paid to an employee within the taxable year will exceed the total of his deductible travel expenses incurred while he is travelling away from home on business, no withholding of income tax is required with respect to per diem allowances paid to cover his meal expense on trips that do not require him to stop for sleep or rest." [Emphasis added.]

This would appear to complete the refutation to the Government's one time position that payments for meals to employees which might prove non-deductible as expenses by the employees must

always be wages for withholding, FICA and FUTA taxes. Certainly an equitable consideration in the plaintiff's favor is that in 1965 and 1966 there was no way that Royster could know that reimbursement for meals might exceed the total of a salesman's deductible travel expenses.[2]

Manifestly it would be an injustice to impose a tax obligation upon an employer retroactively after first determining the employees proper taxable income in a time frame perhaps years later, when the opportunity to withhold has long passed and not unlikely, the employee has left the employ of the company.

There is case support for the determination that all reimbursable items to an employee are not wages within the withholding requirements by employer. In Stubbs, Overbeck & Associates, Inc. v. United States, 445 F.2d 1142 (5th Cir. 1971), the Court of Appeals held the per diem payments made as a living allowance to employees located at a job site remote from the employer's regular place of business were not made as compensation for services performed, and, consequently, were not wages within the meaning of Section 3401(a). In rejecting the argument of the Government, that the per diem living allowances were "wages" subject to withholding because they were taxable to the employees, the Court of Appeals stated:

"It should be noted that Section 3401(a) does not provide that *all* payments made to an employee are wages. In order to be wages, the payments must be made 'for services performed.' It is clear that any payment to an employee which is an economic gain to him, must be included in his taxable income. But we are not concerned with what constitutes taxable income to the employee. The problem here is whether the employees' living allowances payments were wages and by reason thereof the withholding requirements were imposed on the employer. Whether or not payments are taxable to, or deductible by, the employee is immaterial with regard to whether they are subject to withholding by the employer. That is a matter between the employee and the government. An employee may receive economic benefits from his employer that are not subject to the withholding provisions of the Code." 445 F.2d at 1149 [Emphasis added.]

In Humble Pipe Line Co. v. United States, 442 F.2d 1353, 194 Ct.Cl. 944 (1971) and Humble Oil & Refining Co. v. United States, 442 F.2d 1362, 194 Ct. Cl. 920 (1971), the Court of Claims held that payments by Humble for moving expenses of its employees being transferred from its headquarters in New York to Shreveport and Houston were not wages for services performed and no withholding of taxes was required.

We conclude that whether or not the meal reimbursement was income to the employee, it was not a wage payment under income tax withholding, FICA or FUTA requirements and that plaintiff is entitled to recover.

2. Meal costs were deductible to taxpayer:
   (a) Correll v. United States, 369 F.2d 87 (6th Cir. 1966).
   (b) Hanson v. Commissioner of Internal Revenue, 298 F.2d 391 (8th Cir. 1962).
   (c) United States v. Morelan, 356 F. 2d 199 (8th Cir. 1965).
   Meals were not deductible to taxpayer:
   (a) Commissioner of Internal Revenue v. Bagley, 374 F.2d 204 (1st Cir. 1967).