**BEAU RIVAGE RESTAURANT, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

79 Civ. 2542.

United States District Court, S. D. New York.

Nov. 3, 1980.

Gerard A. Navagh, New York City, for plaintiff.

John S. Martin, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendant; Thomas D. Warren, Asst. U. S. Atty., New York City, of counsel.

OPINION and ORDER

CONNER, District Judge:

This is an action to recover alleged overpayments of $428.23 plus interest under the Federal Insurance Contribution Act ("FICA") and the Federal Unemployment Tax Act ("FUTA"). Plaintiff Beau Rivage Restaurant, Inc. ("Beau Rivage") has moved for summary judgment under Rule 56, F.R.Civ.P., on the grounds that the restaurant should not be required to pay FICA and FUTA taxes on certain meals and lodging furnished to its employees.

Plaintiff contends that the meals and lodging in question were not "remuneration" to its employees and thus were not "wages" subject to FICA or FUTA tax within the meaning of 26 U.S.C. §§ 3121(a) and 3306(b) and 26 C.F.R. §§ 31.3121(a)–1 and 31.3306(b)–1. The government maintains that the meals and lodging were properly included in the FICA and FUTA tax base and properly taxed; alternatively, the government requests further discovery on the issue of whether the meals and lodging were remuneration to plaintiff's employees includable in the FICA and FUTA tax base.

*Background*

Plaintiff operates a restaurant in Newburgh, New York. In 1974, the tax year in question, the restaurant paid FICA and FUTA taxes on meals and lodging furnished to employees based on a value of 25¢ per meal and $2.50 per week for lodging. The Internal Revenue Service then asserted that FICA and FUTA taxes should have been paid on a valuation of $1.25 per meal and $10.00 per week for lodging. Plaintiff filed a protest with the Internal Revenue Service; the Service adjusted its valuation down to 75¢ per meal and 92¢ per day for lodging. Plaintiff paid the amount of the adjusted deficiencies. Plaintiff then filed formal claims for refund of all FICA and FUTA taxes paid with respect to employees' meals and lodging with the Internal Revenue Service. After the Service disallowed these claims, plaintiff commenced this action.

In connection with its motion for summary judgment, plaintiff has submitted affidavits which state:

1. That the restaurant is located approximately four miles from any other restaurant;

2. That most of Beau Rivage's employees were, in 1974, required to wear uniforms which plaintiff furnished free from charge;

3. That it would not be possible for Beau Rivage employees to change clothing, leave the restaurant, travel to another restaurant, eat a meal, and return to Beau Rivage within the time allotted by plaintiff to its employees for meal periods;

4. That Beau Rivage employees are not subject to call for work while they are eating meals, but have their meals in a separate room before patrons arrive at the meal hours;

5. That employees were furnished at least one, and sometimes two, meals per day; and

6. That six employees receive lodging without pay in six rooms available on the premises.

The government concedes that all employees of plaintiff were given at least one meal per day on the employer's premises for reasons stemming from the employer's convenience.

*Discussion*

At issue here is whether the FICA and FUTA definitions of "wages" and "remuneration" encompass the meals and lodging given to plaintiff's employees. 26 U.S.C. § 3121(a) defines "wages"—the term used to describe the tax base for old age and disability benefits under 26 U.S.C. §§ 3101 and 3111—as:

"all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash . . . ."

26 U.S.C. §§ 3306(b), which defines "wages" for purposes of the unemployment tax, contains an identical definition. Treasury Department Regulations §§ 31.3121(a)–1(f) and 31.3306(b)–1(f). 26 C.F.R. §§ 31.-3121(a)–1(f) and 31.3306(b)–1(f), further elaborate:

"Ordinarily, facilities or privileges (such as entertainment, medical services, or so-called 'courtesy' discounts on purchases), furnished or offered by an employer to his employees generally, are not considered as remuneration for employment if such facilities or privileges are of relatively small value and are offered or furnished by the employer merely as a means of promoting the health, good will, contentment, or efficiency of his employees. The term 'facilities or privileges,' however, does not ordinarily include the value of meals or lodging furnished, for example, to restaurant or hotel employees, or to seamen or other employees aboard vessels, since generally these items constitute an appreciable part of the total remuneration of such employees."

■ Those cases in which meal-related reimbursements or in-kind provision of food and lodging have been found to constitute taxable wages under FICA and FUTA are ones in which the reimbursements or in-kind provisions have been significant in

scope and high in value relative to the total wages of the employees involved. Thus, in *Rowan Companies, Inc. v. United States,* 624 F.2d 701 (5th Cir. 1980), the Fifth Circuit ruled that the cost to an employer of providing all meals, eating facilities, sleeping quarters and lounge areas to crews at offshore drilling rigs during the employees' tours of duty at the rigs were properly includable in "wages" for FICA and FUTA purposes, even though such benefits were conceded by the government to be excludable from the employees' taxable income. The court reasoned that

"it does not appear inconsistent with the purposes of FICA and FUTA to consider meals and lodging *of appreciable value* remuneration whether or not they are furnished for the employer's benefit and are not considered to be compensation to the employee for income tax purposes," *id.* at 704 (emphasis added),

and noted that the same result had been reached in other cases such as *S. S. Kresge Co. v. United States,* 379 F.2d 309 (6th Cir. 1967), *S. S. Kresge Co. v. United States,* 218 F.Supp. 240 (E.D.Mich.1963) and *Pacific American Fisheries v. United States,* 138 F.2d 464 (9th Cir. 1943). The court further determined that this interpretation of "wages" for FICA and FUTA purposes was valid even though that definition of "wages" was inconsistent with the definition of "wages" for withholding tax purposes under 26 U.S.C. § 3401 and accompanying regulations excluding for withholding purposes living quarters or meals furnished to an employee for the convenience of the employer, citing *Central Illinois Public Service Company v. United States,* 435 U.S. 21, 98 S.Ct. 917, 55 L.Ed.2d 82 (1978). In the *Kresge* cases, the court reached a similar result under FICA and FUTA with respect to free meals furnished to lunch counter employees where the meals were furnished only if an employee agreed to remain on the store's premises and to be available for work during that lunch period. In *Pacific American Fisheries, supra,* the court determined that lodging and sustenance furnished to employees at salmon packing plants in remote locations in Alaska were "remuneration" for FICA and FUTA purposes where the value of the lodging and sustenance furnished constituted a "very substantial portion" of the employees' compensation.

On the other hand, in cases where the value and significance of the reimbursements or in-kind meals and lodging to employees has been relatively small, while the employer's convenience interest in encouraging certain eating or lodging patterns incidental to work has been significant, courts have determined that in-kind food and shelter or reimbursements therefor do not constitute a part of the employees' "remuneration" for services performed, but rather constitute non-wage business expenditures by the employer which are excludable from the FICA and FUTA tax base. In *Hotel Conquistador, Inc. v. U. S. A.,* 597 F.2d 1348 (Ct.Claims 1979), *cert. denied,* 444 U.S. 1032, 100 S.Ct. 702, 62 L.Ed.2d 668 (1980), for instance, Las Vegas hotel employees were allowed at least one meal per day, and sometimes two, without charge, at an employees' cafeteria. The government assessed the value of these meals at $1.25 per meal, which represented an average of 8.3% of each employee's gross wages. The eating place was a windowless cafeteria, off limits to guests. Employees' allotted meal periods ranged from 30 to 45 minutes; the hotel did not allow employees to eat at its restaurants open to the public; employees wore uniforms which they would be required to change if they left the premises for meals, adding to the time necessary for employees to seek meals off the premises; and adequate outside meal facilities were not available at a close distance from the hotel, thus making it convenient for the employer to provide meal facilities for employees on the premises to ensure that employees would take no more than the allotted time for meals. Employees performed no services for the hotel while eating meals. Under these circumstances, the court held that the value of the meals provided was not in-kind remuneration to the employees and therefore did not constitute "wages" for FICA and FUTA purposes. The court

noted that "certain kinds of employment may have as their incident such massive quantities of food or lodging or both as to compel the inference that the ... wage is paid in part in non-cash benefits," 597 F.2d at 1352, and that the language in 26 C.F.R. §§ 31.3121(a)–(1) and 31.3306(b)–1 suggested that "ordinarily" and "generally" food and lodging furnished to restaurant and hotel employees would be of such a substantial nature; but concluded that no such massive or substantial benefits had been given to these employees.

Similarly, in *Royster Company v. United States*, 479 F.2d 387 (7th Cir. 1973), the Seventh Circuit ruled that a company's reimbursements to its salesmen for actual meals consumed on the road were not "wages" subject to FICA and FUTA taxes. The court rejected the government's argument that every payment from an employer to an employee constituted "wages" under FICA and FUTA; rather, the court indicated that where the employee was reimbursed regardless of his sales performance, where the employee performed no services on behalf of the employer during the reimbursed meal, where reimbursed meals were not provided on a regular basis, but only as the employee ate actual meals on the road, and where the choice to reimburse employees for such meals represented a "legitimate business choice of the employer" to lower its mileage costs, the meal reimbursements could not be said to be remuneration to employees for services performed, and thus would not fall within the statutory definition of wages.

■ This Court agrees with the court in *Rowan, supra*, that Congress may define wages differently for purposes of taxable income, income subject to withholding under 26 U.S.C. § 3401, and FICA and FUTA withholding. However, this does not, as the government appears to suggest, end the inquiry. Rather, the Court must determine, as suggested in both *Hotel Conquistador, supra*, and *Rowan, supra*, whether the meals and lodging furnished form an appreciable part of the compensation involved in order to decide whether such in-kind benefits were remuneration to the employees and thus constituted wages taxable under FICA and FUTA.

■ To the extent to which plaintiff here has provided details as to the meals furnished employees, the facts presented suggest that this case may be more analogous to the situation in *Hotel Conquistador, supra*, than to the situation in *Rowan, supra*. The employees here were, apparently, largely uniformed employees; the restaurant is at some distance from other eating establishments; the employees did not work while eating; they were given meals in an area separate from the dining areas reserved for customers, at a time when customers were not eating; the employer furnished such meals to ensure the attendance of employees on the premises. However, the record is deficient as to material issues of fact noted in *Hotel Conquistador*, most importantly, the relationship of the value of the meals provided to the salary of each employee to whom such meals were provided. In addition, the record is virtually non-existent as to the employer's purpose in providing lodging to employees, the circumstances under which lodging was provided, which employees received lodging, and how much those employees were paid. Moreover, the furnishing of lodging in conjunction with the provision of meals might arguably bring the case within the factual pattern of *Rowan* if certain employees receive combined food and lodging benefits equivalent to an appreciable part of their total compensation.

Accordingly, the Court concludes that plaintiff's motion for summary judgment should be denied without prejudice to renewal after the record has been supplemented as indicated above and defendant has had an opportunity to seek discovery as to any facts peculiarly within plaintiff's knowledge in accordance with Rule 56(f), F.R.Civ.P.

The parties shall contact the Court within five days from the date of this Opinion and Order to schedule a conference at which discovery deadlines may be determined.

SO ORDERED.