Ralph A. WILSON and Joanne B. Wilson, his wife, Plaintiffs, Appellants,

v.

UNITED STATES of America, Defendant, Appellee.

No. 7282.

United States Court of Appeals First Circuit.

June 24, 1969.

Fred W. Hall, Jr., Rochester, N. H., with whom C. Russell Shillaber and Cooper, Hall & Walker, Rochester, N. H., were on brief, for appellants.

Edward Lee Rogers, Atty., Dept. of Justice, with whom Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Karl Schmeidler, Attys., Dept. of Justice, and Louis M. Janelle, U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This case, involving income tax consequences of reimbursement for the cost of a meal away from home, in a broad sense takes up where we left off in Commissioner of Internal Revenue v. Bagley, 1 Cir., 1967, 374 F.2d 204, cert. denied 389 U.S. 1046, 88 S.Ct. 761, 19 L.Ed.2d 838.[1] In *Bagley* we held that the Commissioner correctly determined that the cost of a meal during a single business day's travel away from home was a personal expense and not a business deduction under 1954 I.R.C. § 162(a) (2). In the case at bar the taxpayer was reimbursed by his empoyer for the cost of such meals, and the Commissioner included the payment in his gross income. Taxpayer[2] paid the tax and sued in the district court for its recovery. The court denied relief, D.N.H., 1968, 292 F. Supp. 200, and taxpayer appeals.

The facts were undisputed. Taxpayer was a state policeman. He worked a nine hour shift, during which he normally ate one meal. If at mealtime he was more than ten miles from his home and from his barracks, the required procedure was to eat in any nearby restaurant which had an approved reputation, after reporting in the restaurant's telephone number. Taxpayer was subject during mealtime to emergency call back to duty. Calls occurred with some frequency. The cost of these meals away, within a maximum limit, was repaid taxpayer by the state. It is this payment which the Commissioner held to be income.

We start with the proposition that all remuneration received for services is gross income unless it falls within a specific exclusion. The statute upon which taxpayer relies, 1954 I.R.C. § 119, excludes "* * .* the value of any meals * * * furnished to him by his employer for the convenience of the employer, but only if * * * the meals are furnished on the business premises of the employer."[3] Taxpayer would have this read, "* * * the cost of any meals repaid by his employer if for the convenience of the employer the meals are eaten near the taxpayer's place of work." Each of these transpositions, individually, enlarges the scope of the exclusion, and cumulatively they enlarge it entirely beyond its intended meaning. Rather, we agree with the Commissioner that the statute means, and therefore is limited to, meals served in kind on the employer's business prem-

---

1. The conflict in the circuits created by our decision in *Bagley* was resolved in favor of the Commissioner's "sleep or rest" rule, approved in *Bagley*, by United States v. Correll, 1967, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537.

2. We speak of taxpayer in the singular, the wife being a party only by virtue of a joint return.

3. "There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

(1) in the case of meals, the meals are furnished on the business premises of the employer, or

(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation."

ises. We find this interpretation supported by the language, the intendment, and the relevant legislative history.

■ First, the language, "the *value* \* \* \* of any meals \* \* \* *furnished* to him by his employer \* \* \* but only if furnished *on the business premises* of the employer." Quite apart from the fact that reimbursement of what is a personal and not a business expense would presumptively be income, exclusions and deductions from gross income, being acts of grace, are to be narrowly construed. Commissioner of Internal Revenue v. Jacobson, 1949, 336 U.S. 28, 49, 69 S.Ct. 358, 93 L.Ed. 477; Interstate Transit Lines v. Commissioner of Internal Revenue, 1943, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607; United States v. Stewart, 1940, 311 U.S. 60, 70–71, 61 S.Ct. 102, 85 L. Ed. 40.

The term "business premises" is one of great specificity. As Judge Raum said in Gordon S. Dole, 1965, 43 T.C. 697, 707, aff'd, Dole v. Commissioner of Internal Revenue, 1 Cir., 1965, 351 F.2d 308, "The statute does not say 'at some convenient or reasonably accessible place.' It says 'on the business premises of the employer.'" The state conducted no business in the public restaurant. Nor was taxpayer performing, or going to perform, any business there. Even if we were to accept the broad definition of Commissioner of Internal Revenue v. Anderson, 6 Cir., 1966, 371 F.2d 59, 67, cert. denied 387 U.S. 906, 87 S.Ct. 1687, 18 L.Ed.2d 623 (an over-liberality occasioned, we believe, by deference to the pre-*Correll* meal cases cited *infra*) the restaurant was not "a place where the employee performs a significant portion of his duties." Rather, taxpayer was there because he was off duty.

We see no difference in substance between taxpayer and any travelling man whose assigned "territory" is a large geographical area. Taxpayer's metaphysical concept that his employer is the state, and the state "owns" all that is within its borders, does not advance his case. Even outright ownership of property does not make it "business premises." Commissioner of Internal Revenue v. Dole, *supra*. We are again reminded of Judge Raum's remarks.

"The furnishing of tax-free food and lodging to corporate officers or other employees was susceptible of abuse, and the tests applied to determine the tax-free character of the food or lodging were unsatisfactory; accordingly, section 119 was enacted in the 1954 Code to spell out with particularity the restrictive conditions under which such exceptional tax treatment would be permitted. \* \* \* These words mean what they say and should not be given any strained or eccentric interpretation so as to frustrate what the Legislature obviously tried to achieve." Gordon S. Dole, *supra* at 707–708.

■ While the business premises requirement is sufficient to dispose of the case, because of its general importance we deal with the Commissioner's claim that the statute requires meals to be furnished in kind.[4] We consider this entirely correct. "[M]eals \* \* \* furnished to him by his employer" is a far more restrictive concept than meals purchased by him from a third party, the cost of which is ultimately repaid by the employer. What the statute speaks of as furnished is the meals, not the cost; furnishing means supplying, or serving, not paying. Indeed, "cost" is not even referred to, but "value," a word more consistent with appraisal than monetary payment.[5] And, again, furnishing meals on premises is not the seeming equivalent of a financial transaction.

4. Regulations § 1.119–1(c) (2).

5. While the term "value" may, as taxpayer contends, be broad enough to include a reimbursement in cash, its preliminary meaning in this context must be, as stated in Webster's Third New International Dictionary, "the monetary worth of something: the marketable price usually in terms of a medium of exchange." Elsewhere, when Congress wished to include both money and something other than money, it used dual terminology. *See* 1954 I.R.C. §§ 107 and 117.

Turning to the intendment of the statute, when one looks to its purpose there are special reasons for not taking the "value" of meals furnished in kind that do not apply to the receipt of cash payments. Not only is the mechanical difficulty of determining the monetary value of a meal large in comparison with the tax revenue involved, but from the standpoint of the employee the employer's compulsory control of the "place, duration, value and content of the meal," Michael A. Tougher, Jr., 1969, 51 T.C. No. 73, may substantially reduce his freedom and enjoyment; and hence its value to him.[6] These practical differences well warrant a difference in tax treatment. We should not, absent some strong reason, seek a construction that removes them.

Finally, should any doubts exist as to the "in kind" requirement from the statutory language and its purpose, we find them clarified by the legislative history. Both the House and Senate Committee Reports state that section 119 "applies only to meals or lodging furnished in kind." H.R.Rep.No.1337, 83d Cong., 2d Sess. (3 U.S.C. Cong. & Adm. News (1954) at 4017); S.Rep.No.1622, 83d Cong., 2d Sess. (3 U.S.C. Cong. & Adm. News (1954) at 4825). Thus we have a case where history, sense and language all coincide.

We are aware of the fact that a number of courts have reached a different conclusion. *See* United States v. Barrett, 5 Cir., 1963, 321 F.2d 911; United States v. Morelan, 8 Cir., 1966, 356 F.2d 199; United States v. Keeton, 10 Cir., 1967, 383 F.2d 429. *See also* Saunders v. Commissioner of Internal Revenue, 3 Cir., 1954, 215 F.2d 768. With due respect, we do not find them persuasive. It may be noted, also, that all were decided before United States v. Correll, *supra*, n. 1, at a time when the prevalent view was that a business meal away from home was to be differently treated. We regard the present case as even clearer for the government than *Correll.*

Affirmed.

---

6. In *Tougher, Jr.,* in holding that supplying groceries was not furnishing a meal the Tax Court also pointed out that furnishing a meal in kind on its business premises was strong evidence that the employer's business convenience was served, as distinguished from a mere attempt to supply tax-free income to the employee. We need not deal, however, with this requirement of the statute.