ROYSTER COMPANY, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 72-2067.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1973.

Decided June 4, 1973.

Steven Shapiro, Atty., Tax Division, U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, William L. Goldman, Attys., Tax Division, U. S. Dept. of Justice, Brian P. Gettings, U. S. Atty., and J. Brian Donnelly, Asst. U. S. Atty., on brief) for defendant-appellant.

Richard B. Spindle, III, Norfolk, Va. (Allan G. Donn and Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., on brief) for plaintiff-appellee.

Before CRAVEN, FIELD, and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

This appeal involves a claim for the refund of federal employment taxes (withholding of income, Federal Insurance Contributions, and Federal Unemployment taxes), plus interest, for a total amount of $11,327.11. Plaintiff Royster is a manufacturer of commercial fertilizers which it distributes throughout 17 states, primarily through independent dealers. During 1965, plaintiff employed about 125 salesmen who were paid both salaries and commissions. Upon the salaries and commissions, Royster withheld Federal Insurance Contributions (FICA) and income withholding taxes, filed timely quarterly FICA returns and timely annual Federal Unemployment Tax (FUTA) returns, and remitted the taxes due. During 1965 and 1966, plaintiff also reimbursed its salesmen for the cost of meals purchased by them during the day on the road. Royster did not withhold FICA or income withholding taxes on the reimbursements for meals, nor did Royster include such amounts on the FICA or FUTA returns filed for 1965 and 1966 or remit any taxes with respect to such reimbursements.

Upon audit of Royster's 1965 and 1966 returns, the commissioner assessed additional FICA and income withholding, and FUTA taxes and interest. Royster paid the additional assessments and filed timely refund claims. Six months having lapsed without the refund claim being acted upon, Royster filed its complaint in the district court.

Both Royster and the Government waived trial by jury or other evidentiary hearing and submitted the case for decision by the court based upon a stipulation, briefs, and oral argument. The stipulation entered into by the parties recited the following as the sole issue in the case:

> ". . . whether the amounts paid by plaintiff to its salesmen to reimburse them for the cost of certain meals eaten in the sales territory constitute wages subject to FICA, FUTA and income withholding taxes."

The district court resolved the issue in favor of Royster and the Government appeals. The government has expressly stated in its brief that it makes no contention that any of the district court's findings of fact are clearly erroneous. Rather, it contends that the district court erred, as a matter of law, in its holding that the meal reimbursements were not wages within the meaning of the statutes involved.

The district court noted that the government there, as here, abandoned its position that in all instances the code provisions relating to income tax liability of employees are *in pari materia* with FUTA and FICA and income tax provisions relating to the employer's duty to

withhold.[1] That confession by the government was inescapable in light of the recent case law which has rejected such a theory. Acacia Mutual Life Insurance Co. v. United States, 272 F.Supp. 188 (D.Md.1967); Humble Oil & Refining Co. v. United States, 194 Ct.Cl. 920, 442 F.2d 1362 (1971); Humble Pipe Line Co. v. United States, 194 Ct.Cl. 944, 442 F.2d 1353 (1971); Peoples Life Ins. Co. v. United States, 179 Ct.Cl. 318, 373 F.2d 924 (1967); Stubbs, Overbeck & Assoc., Inc. v. United States, 445 F.2d 1142 (5th Cir. 1971). The government continues to contend, however, that the non-deductibility of such reimbursed expenses by the employee is at least support of its premise that the reimbursements are wages with respect to FUTA and FICA and income tax withholding.

The nature of the payments to the Royster salesmen is described in the stipulation as follows:

"During 1965 and 1966, plaintiff also customarily reimbursed its salesmen for the cost of meals purchased by them during the day on the road.

"Each of plaintiff's salesmen regularly maintains a daily expense account which is submitted to plaintiff on a weekly basis. These accounts are itemized in detail. The salesmen are allowed the cost of meals purchased by them while on the road even though the territory being covered on a day in question may not have required overnight lodging.

\*　　\*　　\*　　\*　　\*　　\*

"The salesmen to whom the reimbursements in dispute were made for meals purchased on the road were not required to stay away from home overnight. Although the reimbursement to the salesmen . . . was based on actual expenditures by the salesmen, the amount of reimbursement for purposes of the tax assessments involved here was computed by extrapolating from an agreed upon eight week period. The sample selected excluded expenses reimbursed to salesmen away from home overnight. Thus, no part of the amount in dispute here is attributable to reimbursement of salesmen who were away from home overnight."

The amounts paid by Royster were further described by the district court (and the Government takes no exception to such description) as follows:

"The reimbursements here paid to plaintiff's salesmen were the actual cost of meals, just that and nothing more. The reimbursement was not a regular payment in the sense that it would be made without a supporting individual claim for each meal; it was not made unless it was in fact an actual reimbursement, after the fact; it was not made if the meal was not purchased; it was not dependent for reimbursement as to title or status of the salesman; it was not in any wise measured for reimbursement on any salary or commission level of the salesman; it did save the company the additional mileage expense if the salesman chose to remain in the sales territory and not return to his home area [2] for a meal."

It is against this factual background that we view the pertinent statutes.

Concerning FICA. 26 U.S.C. §§ 3101 and 3102 impose a tax for old age, survivors, disability and hospital benefits and require the employer to collect such tax-

---

1. "It is possible, based upon the facts of a specific case, for an employer to make payments to its employees that are not paid as remuneration for employment." Government brief, p. 10. Of course, we must " . . . adjudge the rights of parties upon existing facts. . . . " Bissell v. Spring Valley Township, 124 U.S. 225, 232, 8 S.Ct. 495, 499, 31 L.Ed. 411 (1888). Our duty is " . . . limited to determining rights . . . which are actually controverted in the particular case. . . . " United States v. Hamburg American Co., 239 U.S. 466, 475, 36 S.Ct. 212, 216, 60 L.Ed. 387 (1916).

2. On oral argument, the government contends the stipulated phrase "on the road" suggests home area rather than away from home area. We do not take seriously this departure from ordinary English usage.

es from the wages of the employee. § 3121(a) defines "wages" within the meaning of §§ 3101 and 3102 as "all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash." Concerning FUTA. 26 U.S.C. § 3306(b) likewise defines "wages" as "all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash." For the purposes of withholding income tax by the employer, 26 U.S.C. § 3401(a) defines wages: "For purposes of this chapter, the term 'wages' means all remuneration for services performed by an employee for his employer, including the cash value of all remuneration paid in any medium other than cash." The district court was properly of opinion that the slight variations in the wording of the above statutes were inconsequential and that wages has the same essential meaning under all the statutes here in question. The government in its brief agrees with this determination. Thus, the case turns not upon any factual dispute but upon a reading of the pertinent statutes and the meaning to be given the term "wages."

▮ The government contends that in determining whether the amounts at issue in this litigation are wages, the question is whether the amounts paid are "attributable to the employment relationship." Such a sweeping theory is too broad. Carried to its logical conclusion, the government's argument might require that every payment or other economic gain flowing from an employer to an employee constituted wages upon which withholding of income and FICA tax is required and FUTA tax payable. See Humble Oil & Refining Co. v. United States, 194 Ct.Cl. 920, 442 F.2d 1362 (1971). This, of course, is not the law. There are numerous instances in which the government has been of opinion that benefits flowing from the employer to the employee do not constitute wages within the purview of the statutes at issue herein. For example, in Revenue Ruling 59–227, 1959–2 C.B. 13, it was

held that a lump sum payment to an employee for his relinquishment of a seniority right and the vacation of a particular position, while ordinary income to the employee, did not constitute compensation for services performed and hence withholding was not required. And, in Revenue Ruling 55–520, 1955–2 C.B. 393, payment to an employee in settlement of litigation over his employment contract, while held to be income to the employee, was held not to constitute a payment for services on which withholding was required. See also Humble Oil & Refining Co. v. United States, 194 Ct.Cl. 920, 442 F.2d 1362 (1971). We cannot agree that any payment made to the employee which is "attributable to the employment relationship" constitutes wages subject to FICA, withholding and FUTA. Such a position might have more validity if the question here concerned the income tax treatment of the reimbursements; however, that is not the issue before us. See Stubbs, Overbeck & Associates v. United States, 445 F.2d 1142 (5th Cir. 1971). We agree with those cases cited earlier in this opinion which reject the proposition that wages under the FUTA, FICA and income tax withholding provisions is synonomous with income under the income tax provisions of the Code. We are of opinion that the term wages is narrower than the term income as used in the income tax provisions relating to how an individual must treat payments to him. Wages are merely one form of income. The government's position might well render nugatory any distinction between the two.

We believe that the question here is whether the payments at issue were made to the employees of Royster as remuneration for services performed. Such is the literal wording of the statutes involved, and the government advances no reason to support the expanded construction contended for. All a salesman in this case had to do to get reimbursed was to eat on the road. If he did so, he was reimbursed regardless of his performance. Where he ate and

what he did while he ate were of no concern to the employer. He performed no services while eating, directly or indirectly. Having the salesmen eat on the road did result in lower mileage traveled by the salesmen than if they returned home to eat, certainly a legitimate business choice of the employer. *Stubbs,* supra; *Acacia,* supra; *Peoples Life Insurance Co.,* supra.

The government relies on S. S. Kresge Co. v. United States, 218 F.Supp. 240 (E.D.Mich.1963) and S. S. Kresge Co. v. United States, 379 F.2d 309 (6th Cir. 1967). (The facts were the same in both cases. The 6th Circuit opinion essentially approved the previous opinion of the district court.) The *Kresge* cases are not inconsistent with this opinion, but actually support the plaintiff. *Kresge* involved a company which operated a large number of chain stores. The stores involved had lunch counters or snack bars and the company provided a free lunch for any person employed in the food department who would spend his one-half hour lunch break on the job. This enabled the store to keep lunch counter employees at work for the rush hour business in case they were needed. No employee was required to participate in this plan and any employee could take his one-half hour lunch break where he pleased. In both cases, the value of the free lunch was held to be subject to

FICA and FUTA taxes. In both cases, however, the employees performed services for the employer during lunch hour when called upon, which they were from time to time. Also, the employees were forbidden to leave the counter and were required to be available for work during lunch time. Being present, available for work, and working if necessary, was held to furnish the consideration for the lunch, and the lunch was the consideration for the employee's giving up his time and working if necessary. The holdings in the *Kresge* cases, thus, are in accord with the language of the statutes defining wages: "remuneration for employment" and "remuneration for services performed."

Each of the other cases, save one, which are relied upon by the government is consistent with this opinion. Most of them are concerned with the income tax treatment of the payment in question. Except *Campbell,* n. 3, those which relate to FUTA and FICA and income withholding tax statutes have found a service performed by the employee in return for the payment involved if the payment is held subject to the tax sought to be imposed.[3]

Here, unlike *Kresge,* the remuneration is not attributable to any service on the part of the employee. The *Royster* salesmen were not on call during their lunch break, and they got the

---

3. United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967): Held cost of meals away from home but not overnight not deductible for income tax purposes. Amoroso v. Commissioner of Internal Revenue, 193 F.2d 583 (1st Cir. 1952): Deductions from income tax for meals not away from home and not overnight held not deductible for income tax purposes. Campbell Sash Works, Inc. v. United States, 217 F.Supp. 74 (N.D. Ohio, E.D.1963): Expense paid vacation for employees held subject to FICA, FUTA, and income tax withholding where employees performed no services during paid vacation. Commissioner of Internal Revenue v. Duberstein, et ux, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1959): Gift of a Cadillac automobile to a business associate held to be income to the recipient. Old Colony Tr. Co. v.

Comm'r. Int. Rev., 279 U.S. 716, 49 S. Ct. 499, 73 L.Ed. 918 (1929): Payment by corporation of corporate executive's income tax pursuant to agreement held to be income. Fred Marion Osteen, et al. v. Commissioner of Int. Rev., 14 T.C. 1261 (1950): Meals away from home but not overnight held not deductible for income tax purposes. United States v. Morelan, 356 F.2d 199 (8th Cir. 1966): Reimbursement for meals by state policemen away from home but not overnight held to be on the business premises of the employer and not includable in taxable income and deductible if included. *Contra,* Wilson v. United States, 412 F.2d 694 (1st Cir. 1969). Winn v. Com. of Int. Rev., 32 T.C. 220 (1959): Meals away from home but not overnight held not deductible for income tax purposes.

**392**

free lunch whether they made any sales that day or not. They performed no services during lunch hour. We conclude, therefore, that the payments in question here were not wages as that term is used in the FUTA and FICA and income tax withholding statutes.

The decision of the district court is Affirmed.