**CENTRAL ILLINOIS PUBLIC SERV-ICE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 4920.

United States District Court, S. D. Illinois, S. D.

Dec. 29, 1975.

Sharon L. King, Isham, Lincoln & Beale, Chicago, Ill., for plaintiff.

Nafzinger & Otten, Kenneth H. Otten, Springfield, Ill., Michael von Mandel, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Donald B. Mackay, U. S. Atty., Springfield, Ill., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HARLINGTON WOOD, Jr., District Judge.

This case was tried before the Court without a jury. Thereafter counsel filed briefs.

The issue is found for Plaintiff and against the Defendant.

That only issue is whether or not the Internal Revenue Code of 1954 required that the Plaintiff company withhold taxes on payments it made on occasion to some of its employees for lunch. If an employee was away from home and travelling on the company's business during the day and ate lunch wherever he was without returning for that purpose, the company paid the employee in one classification an amount not to exceed $1.40, and certain other employees an amount as reimbursement for the actual cost of the lunch. These classifications related only to the particular geographical division of the company where the employee worked, or his union status and are not relevant to the tax question. Overnight trips also are not involved. The company considered the lunch payments to be travel expenses not subject to withholding and therefore nothing was withheld by the company on these payments. The Government claims however that these lunch payments were additional wages and therefore subject to withholding. The Government assessed a deficiency against the company in 1971 for additional withholding taxes together with interest for four taxable quarters in 1963 amounting to $25,188.50 in taxes with $11,427.22 in taxes, or a total amount of $36,615.72. The company paid this amount and brings this suit for refund.

There appears to be little dispute about the underlying facts.

The company is an Illinois corporation having its principal office in Springfield, Illinois, and is a public utility engaged in the generating, transmissions, distribution and sale of electric energy and the distribution and sale of natural gas in Illinois.

The company reimbursed its employees for legitimate travel expenses which included these lunch payments in accordance with its established policy. If the employee was on a required trip for the company's business, the employee made an accounting on a company form which he turned in to his supervisor for approval followed by payment by the company. For employees in one category this was not to exceed $1.40 regardless of the cost of the lunch, and for others the amount was reimbursement for actual lunch expenses. The evidence disclosed that depending on the individual and the circumstances the $1.40 rate was sometimes in excess of the actual lunch cost, but very often it was insufficient to cover the cost. Depending on where the employee was assigned on a particular day some would go home for lunch and thus not be entitled to the reimbursement; however, these employees who took their lunch from home with them on a company trip were also entitled to the payment. Even in 1963 the $1.40 rate was modest considering that many of these employees were men engaged in open air labor. As a practical matter, it could hardly be considered a money making proposition for an employee.

There are facts which this Court believes distinguishes this case from the case of the usual employee who leaves his office at noon to go out for lunch. The employee in the present case is away from home in travel status. He renders no service to the company during his lunch. Usually the employee would not be at the actual work site, but at a restaurant in the vicinity. He was off duty during this time. His time was his own. The employee was, however, subject to call during the noon hour, but all the employees in this public utility business were generally subject to call, not just during the lunch break, at any time as emergencies might require. These lunch payments were unrelated to the employee's specific job title, the nature of his work or rate of pay. It appears that this lunch payment arrangement was beneficial and convenient for the company and served its business interest. It saved the company employee time otherwise spent in travelling back and forth as well as the usual travel expenses.

Against this factual background this Court is of the opinion that the Government's view that these payments were "wages" in this particular case requires a departure from the realities of business life and a vigorous stretching of the statute to try to include the lunch payments as being for services rendered to the company. *U. S. v. Correll,* 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967) relating to deductibility of travel expenses by an employee does not thereby automatically require withholding by the employer. The present case is not one where the company is asking that the Federal Treasury help finance its employees' meals.

There are some noncritical factual distinctions, but this Court is persuaded by the views expressed in *Royster v. U. S.,* 479 F.2d 387 (4th Cir. 1973). The payments there under somewhat similar circumstances were held not to be remuneration for services performed to the employer. I believe the situation in this present case is substantially the same.

Therefore, the Plaintiff shall have judgment in the amount of $36,615.72 together with interest thereon.