CENTRAL ILLINOIS PUBLIC SERVICE
CO., Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 76–1277.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1976.

Decided Aug. 17, 1976.*

As Amended Sept. 2, 1976.

Rehearing Denied Nov. 4, 1976.

Scott P. Crampton, Asst. Atty. Gen., Alfred S. Lombardi, Atty., Tax Div., Dept. of Justice, Washington, D. C., Donald B. MacKay, U. S. Atty., Springfield, Ill., for defendant-appellant.

Sharon L. King, Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and SWYGERT and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

■ This case concerns whether reimbursements for employees' lunches eaten while on non-overnight trips away from their home areas are considered "wages" under the income tax withholding provisions, 26 U.S.C. § 3401(a) and thus whether tax on these reimbursements must be withheld by the employer.

I

Central Illinois Public Service Company (the company), a public utility, supplies electricity and natural gas to an extensive area of downstate Illinois. Because of the size of its service area, employees often have to travel away from their home base, both on day trips during normal business hours and on overnight trips. The company, in accord with a longstanding policy, reimburses its employees for legitimate expenses of transportation, meals and lodging when traveling on company business. In the present case, only reimbursements made for lunches eaten away from employee's normal duty area during non-overnight trips are at issue.

* This opinion has been circulated among all judges of this court in regular active service. TONE and HARLINGTON WOOD, Jr., Circuit Judges, not participating, no active judge fa-

vored a rehearing *in banc* on the question raised by the conflict of this opinion with that of the Fourth Circuit in Royster v. United States, 479 F.2d 387 (1973).

The company reimburses employees for these lunches if they are taken away from their normal work stations or job sites at the time of their noonday meal. The amount of reimbursement depends upon the employee's status. Union employees and operating employees of the Western Division (the only division of the company as yet ununionized) receive a flat rate of $1.40 per noonday meal eaten away from their normal post of duty. This is provided for in the union's collective bargaining agreement. The full $1.40 can be, and often is, claimed regardless of the amount actually spent on lunch—in many cases the reimbursement is claimed even when the employee brings his lunch from home. Other employees—those on a salaried basis—are reimbursed for their actual expenses up to $25 per meal. During 1963, the Tax year in question, the company paid its employees $139,936.12 in reimbursements for such noonday meals. The company did not withhold income tax for its employees with respect to this sum.

In 1971, the District Director of Internal Revenue Service assessed against the company withholding taxes for these noon-meal reimbursements (plus interest thereon) totaling $36,615.72. The company paid the sum and sued for a refund. The district court held that the reimbursements were not "wages" under 26 U.S.C. § 3401(a) relying primarily on a case from the Fourth Circuit, *Royster Co. v. United States,* 479 F.2d 387 (4th Cir. 1973). Thus it held that the reimbursements were not subject to withholding for income tax purposes and rendered judgment for the plaintiffs. The government appealed.

## II

Under the Internal Revenue Code provisions requiring collection of income tax at its source, 26 U.S.C. §§ 3401 *et seq.,* an employer must withhold from an employee and pay to the government a certain portion of the employee's "wages." Section 3401(a) defines "wages" as "all remuneration . . . for services performed by an employee for his employer, including the cash value of all remuneration paid in any medium other than cash . . . ." The regulations further make clear that the name by which the remuneration is designated is immaterial, as is the basis upon which it is paid.[1] The question which this case presents is whether reimbursements for noon meals on non-overnight trips constitute "wages" as so defined.

■ Clearly, these reimbursements are non-deductible income to the employees. In *United States v. Correll,* 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967), the Supreme Court upheld the ruling of the Commissioner (*see, e. g.,* Treas.Reg. §. 1.162–17(b)(3)(ii)) that expenses incurred for meals on business trips are deductible only if the trip requires sleep or rest (i. e., an overnight stay). Thus, these reimbursements made for meals on a non-overnight trip are non-deductible income. *Wilson v. United States,* 412 F.2d 694 (1st Cir. 1969) (reimbursement for "mid-shift" meal of state trooper, given if the trooper was more than 10 miles from home barracks, held non-deductible income). However, as the government concedes, not all payments constituting income to an employee fall into the category of remuneration for employee services or "wages."

---

1. Treas.Reg. § 31.3401(a)–1(a) provides:

(1) The terms "wages" means all remuneration for services performed by an employee for his employer unless specifically excepted under section 3401(a) or excepted under section 3402(e).

(2) The name by which the remuneration for services is designated is immaterial. Thus, salaries, fees, bonuses, commissions on sales or on insurance premiums, pensions, and retired

pay are wages within the meaning of the statute if paid as compensation for services performed by the employee for his employer.

(3) The basis upon which the remuneration is paid is immaterial in determining whether the remuneration constitutes wages. Thus, it may be paid on the basis of piecework, or a percentage of profits; and may be paid hourly, daily, monthly, or annually.

The Supreme Court although not having interpreted this particular section, on at least two occasions has given broad definition to that which constitutes remuneration for employee services. In *Commissioner v. LoBue*, 351 U.S. 243, 247, 76 S.Ct. 800, 803, 100 L.Ed. 1142 (1956), the Court wrote:

> When assets are transferred by an employer to an employee to secure better services they are plainly compensation. . . . LoBue received a very substantial economic and financial benefit from his employer prompted by the employer's desire to get better work from him. This is "compensation for personal service" within the meaning of § 22(a).

And in *Social Security Board v. Nierotko*, 327 U.S. 358, 365–66, 66 S.Ct. 637, 641, 90 L.Ed. 718 (1946), the Court wrote:

> We think that "service" . . . means not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer.

These statements lead us to agree with the view taken by the Second Circuit in *Educational Fund of the Electrical Industry v. United States*, 426 F.2d 1053 (2d Cir. 1970). In that case, the question presented was whether $140 paid to electricians in lieu of wages for successfully attending a one-week course at a school established by the union constituted "wages" for withholding purposes. The court held that it did.

> The $140 payments to those who attended the school represented part of the benefit package which was negotiated as part of the wage structure under the collective bargaining agreement in effect between the employers and the union as representative of the electrical workers. The pay-

ments ultimately derived from the employers and represented a portion of the agreed upon remuneration for services performed by the employees within the intent of Section 3401(a), just as do payments from pension and vacation funds. *Id.*, at 1056. This expansive definition of "wages" seems appropriate and harmonizes well with the underlying purposes of the withholding tax system to collect income at its source and to prevent unexpected burdensome tax liabilities come April 15.[2]

Having found this view appropriate, the opinion of the Fourth Circuit in *Royster Co. v. United States*, 479 F.2d 387 (4th Cir. 1973), appears unpersuasive. The court in *Royster* held that payments to salesmen to reimburse them for the cost of their noon meals while in their sales territory did not constitute "wages" for withholding purposes. The government concedes, as it must, that *Royster* is not meaningfully distinguishable from the present case. The *Royster* court took a narrow view of the meaning of "remuneration for services" holding that because the salesmen "performed no services while eating, directly or indirectly," the reimbursement for the meal was not remuneration for services. *Id.*, at 391.

Remuneration for services cannot be viewed this narrowly. The employment relationship is a two-sided bargain, with the employee's services being given for a total package of remuneration, including salary, pension, paid vacation time and other remuneration such as reimbursed lunches. Clearly, in the present case, the employer had no obligation to pay for employee lunches. And certainly, the employee gains by the payment; otherwise, the employee

**2.** This view accords well with the legislative history of a similar provision, the definition of "wages" under the social security tax system, 26 U.S.C. § 3121, a definition held to have "the same essential meaning" as that for withholding. *Royster Co. v. United States*, 479 F.2d 387, 390 (4th Cir. 1973). The House Report on the initial Social Security Bill, H.R. 7260, 74th Cong., 1st Sess., stated:

> Wages include not only the cash payments made to the employee for work done, but also compensation for services in any other form, such as room, board, etc.

H.R.Rep. No. 615, 74th Cong., 1st Sess., p. 32 (1939–2 Cumm.Bull. 600, 606). The Senate Report contained similar language:

> The term "wages" is defined to mean all remuneration for employment, including the cash value of all remuneration paid in any other medium than cash. *That is, in addition to money payments, it includes payments in kind, rent, food, lodging, etc.*

S.Rep. No. 628, 74th Cong., 1st Sess., p. 49 (1939–2 Cumm.Bull. 611, 623) (emphasis supplied).

would have to pay for lunch himself. It cannot be doubted that the lunch reimbursements are part of a total package of remuneration designed to attract and hold good employees to the company. As such, they must be considered "wages" under 26 U.S.C. § 3401(a) for withholding tax purposes.[3]

Since the noon meal reimbursements at issue in this case are "wages," the employer is liable for withholding tax on them. Thus, the assessment of the District Director against the company was proper. The judgment of the district court is reversed.

Reversed.

---

**3.** The company agrees that whatever these reimbursements are classified as, they are still excludable under Treas.Reg. § 31.3401(a)–1(b)(2) concerning traveling expenses. The regulation provides in relevant part:

> Amounts paid specifically—either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages and are not subject to withholding.

However, to be travel expenses, the employee must be on travel status; that is, he must be on an overnight trip. *United States v. Correll*, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967). Here the employees were not traveling overnight, and thus, the reimbursements were not travel expenses. Nor were the reimbursements necessary business expenses, for an employee's lunch without more, is not an "ordinary and necessary expense . . . incurred in the business of the employer."