**Alan D. AMON, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 80–K–809.**

United States District Court, D. Colorado.

May 28, 1981.

Alan D. Amon, pro se.

William A. Bower, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

### ORDER

KANE, District Judge.

This action seeking recovery of federal income tax payments is before the court on the parties' cross-motions for summary judgment. There are no factual disputes. Summary judgment consideration is appropriate. Plaintiff, Alan Amon, alleges that the defendant United States, through the Internal Revenue Service, conspired, with malice, to collect taxes from Amon's gross income, as derived from his compensation for services which represented his wages. Amon paid taxes to the Internal Revenue Service, but now asserts he erroneously paid those taxes and seeks to recover the amounts paid. Amon paid $94 for the year 1977, $1,621 for the year 1978, and $654.02 for the year 1979.

Amon bases his allegations on the following grounds: (1) that compensation for services which constitutes his wages cannot be subject to income taxation by the Internal Revenue Service because wages only represent an even exchange for labor, and consequently there is no gain or profit which is taxable income, (2) that with regard to the first assertion, the Sixteenth Amendment of the Constitution of the United States was not intended as a direct tax on compensation for labor, and therefore the Internal Revenue Service collected taxes in contravention of the Constitution of the United States and (3) that the taxes Amon paid are, in reality, illegally imposed excise taxes because he does not occupy a status which would ordinarily incur tax liability. He further equates excise tax as an income tax.

The government argues that the United States, acting through the Internal Revenue Service, has the constitutional and statutory power to tax Amon's gross income which is derived from compensation for services. The government further argues that Amon was properly taxed for the years in question. The government, in its motion for summary judgment, addresses the issue of whether Amon's income, as derived from compensation for services, and constituting wages, is properly taxable as income tax. Amon, in his motion for summary judgment, addresses only the issue of whether he is the proper subject for the imposition of an excise tax, which he asserts the government is collecting from his income derived from his wages. Further, Amon is appearing in this matter *pro se*. The obligation of this court to view his complaint with a less strict standard than a complaint drafted by one trained in the law has been

scrupulously observed. *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972).

## MOTIONS FOR SUMMARY JUDGMENT

Amon alleges that his compensation for services is only an even exchange for labor. He asserts the government cannot tax that compensation because he does not experience a gain or profit from his labor. Further, Amon asserts this taxing of his wages is an unconstitutional violation of the Sixteenth Amendment which states as follows: "Congress shall have the power to lay and collect taxes on income, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration." U.S. Const. amend. XVI.

In *United States v. Safety Car Heating & Lighting Co.*, 297 U.S. 88, 56 S.Ct. 353, 80 L.Ed. 500 (1936), the Supreme Court defined income with respect to the Sixteenth Amendment:

> Income within the meaning of the Sixteenth Amendment is the fruit that is born of capital, not the potency of fruition. With few exceptions, if any, it is income as the word is known in the common speech of men * * * when it is that, it may be taxed, though it was in the making long before.

*Id.* at 99, 56 S.Ct. at 358. In *Commissioner of Internal Revenue v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955), the Supreme Court recognized that monies received as exemplary damages for fraud or as punitive antitrust damages fell within the definition of gross income then embodied in 26 U.S.C. § 22, the predecessor to the present day § 61. The statutory definition read: " '[g]ross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service...." *Id.* at 429, 75 S.Ct. at 475. The court stated that it had frequently recognized that this language was used by congress to exert in this field "the full measure of its taxing power." *Id.* The Supreme Court addressed the issue of the power of congress to impose an income tax

on gross income in *Helvering v. Clifford*, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788 (1940). The court again defined § 22 of the Internal Revenue Code with respect to congressional power of taxation as derived from the federal constitution. "The broad sweep of this language indicates the purpose of Congress to use the full measure of its taxing power within those definable categories." *Id.* at 334, 60 S.Ct. at 556.

In *Commissioner of Internal Revenue v. Jacobson*, 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1949), the Supreme Court reiterated the purpose of the income tax laws. "The income taxed is described in sweeping terms and should be broadly construed in accordance with an obvious purpose to tax income comprehensively." *Id.* at 49, 69 S.Ct. at 369. As to that position, it does not matter whether an individual's income is derived by unlawful means. In *United States v. Swallow*, 511 F.2d 514 (10th Cir. 1975), *cert. denied*, 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66 (1975) (*Swallow II*); the Tenth Circuit Court of Appeals commented on the comprehensive nature of taxation on compensation for services stating "[w]hen earnings are acquired, lawfully or unlawfully, without consensual recognition of an obligation to repay or restriction on this disposition, there is income." *Id.* at 519 (*citing James v. United States*, 366 U.S. 213, 219–220, 81 S.Ct. 1052, 1055–1056, 6 L.Ed.2d 246 (1961)). Taxes may also be imposed where the taxes accruing to the government are used for purposes inuring to the benefit of a certain group of people. *Swallow v. United States*, 325 F.2d 97 (10th Cir. 1963), *cert. denied*, 377 U.S. 951, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964) (*Swallow I*). In *Swallow I*, the court said of the income tax laws the following:

> The income tax provisions of the Internal Revenue Code and the regulations promulgated thereunder are complex and often difficult of understanding, but we have found no authority which suggests that the statutes are unconstitutional for this reason or that the rates constitute a taking of property within the meaning of the Fifth Amendment. It is now well

settled that the income tax laws are not unconstitutional under the due process clause of the Fifth Amendment, nor are they unconstitutionally defective because of discriminatory progressive tax rates. *Id.* at 97–98.

■ The current statutory guidelines for income tax assessment are §§ 61 and 63 of the Internal Revenue Code. Section 61(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 61(a), defines gross income as follows: "Except as otherwise provided in this subtitle, gross income means income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; . . . ." Section 63(b) defines taxable income in part as follows: "*Individuals.* For purposes of this subtitle, in the case of an individual, the term "taxable income" means adjusted gross income . . . ." 26 U.S.C. § 63(b). The power of congress to collect income taxes from individuals has existed for decades. That power is clearly provided in the Sixteenth Amendment and is valid today regarding taxation of compensation for services.

With respect to the power and constitutionality of the government's collection of income taxes, there is no dispute, but Amon asserts that compensation for services as derived by his labor is not taxable income. Apparently, Amon misapprehends the wording of § 61 because it clearly sets forth those items which are taxable as income. Moreover, there are numerous cases where compensation for services has been determined to be income which is taxable, even though there is no requirement that the individual receives an economic benefit from the remuneration. *See Robertson v. United States*, 343 U.S. 711, 713–714, 72 S.Ct. 994, 996–997, 96 L.Ed. 1237 (1952). In *Commissioner of Internal Revenue v. Smith*, 324 U.S. 177, 65 S.Ct. 591, 89 L.Ed. 830 (1945), the Supreme Court held that property which was transferred to an employee was compensation for services even though the transfer took the form of an exchange. *Id.* at 181, 65 S.Ct. at 593. In

*Wilson v. United States*, 412 F.2d 694 (1st Cir. 1969), the court also noted that "all remuneration received for services is gross income unless it falls within a specific exclusion." *Id.* at 695. In *Neville v. Brodrick*, 235 F.2d 263 (10th Cir. 1956), the Tenth Circuit recognized that compensation for services rendered or to be rendered is taxable. *Id.* at 265.

Amon refers to his compensation for services as wages in his complaint. Notwithstanding the fact that Amon asserts he did not receive any gain from his labor, and that the compensation for services was only a mere exchange, in view of the above authorities, his position is untenable. Compensation for services is taxable income and the government properly taxed Amon's income for the years in question.

■ Amon further alleges that the tax on his income, as derived by compensation for services, and constituting wages, is actually an illegal excise tax; that income tax and excise tax are the same thing. Amon alleges that because he does not occupy that status which would normally incur an excise tax liability, the taxes he paid for 1977 through 1979 were illegally collected. This is an incorrect understanding of the nature of both types of taxes. In *Abney v. Campbell*, 206 F.2d 836 (5th Cir. 1953), *cert. denied*, 346 U.S. 924, 74 S.Ct. 311, 98 L.Ed. 417 (1954), the court recognized that "[t]axes laid on the manufacture, sale or consumption of commodities within the country, upon licenses to pursue certain occupations and upon corporate privileges . . . are excise taxes . . . ." *Id.* at 839. The court further recognized "[a]s was held in *Steward Machine Co. v. Davis* [301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279], that the excises which congress has power to impose are not limited to vocations or activities which may be prohibited altogether or to those which are the outcome of franchise, but extend to vocations or activities pursued as of common right." *Id.*

Generally, the excise tax is imposed on one who occupies a privileged status, a corporate franchise, a special vocation, or special occupation. These types of taxes are imposed by the government, through the

Internal Revenue Service, based upon the general taxing power granted to it in Article I, § 8 of the Constitution of the United States. Excise taxes include, *inter alia*, a retailer's excise tax placed upon certain goods which are introduced into commerce. *Overseas Mailman, Inc. v. United States*, 326 F.Supp. 172 (D.C.N.J.1971), a manufacturer's excise tax imposed upon corporations, *Creme Manufacturing Co. v. United States*, 492 F.2d 515 (5th Cir. 1974), and excise taxes imposed upon liquors and wines and other products in commerce. All individuals who are subject to excise taxes occupy a particular privileged status. Income taxes, as already discussed in relation to wages, has a broader effect and purpose.

The record does not reflect that Amon occupies a type of status which would expose him to excise tax liability. Indeed, he asserts he does not. The government has taxed that portion of Amon's income which constituted wages. The government is empowered to do so on the basis of its constitutional and statutory powers. Therefore, it is

ORDERED that Amon's motion for summary judgment is denied; it is further

ORDERED that the United States' motion for summary judgment is granted; and it is further

ORDERED that this complaint and civil action are dismissed.