HILTON E. TORKELSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Torkelson v. Commissioner
Docket No. 16071-80.
United States Tax Court
T.C. Memo 1983-116; 1983 Tax Ct. Memo LEXIS 673; 45 T.C.M. (CCH) 893; T.C.M. (RIA) 83116; March 3, 1983. *673 Held: P is liable for income tax for the years 1976, 1977 and 1978 of $809.06, $766.82 and $619.95, respectively. His constitutional arguments for relief are frivolous and wholly without merit. Held further: P is liable for the addition to tax pursuant to secs. 6651(a), 6653(a) and 6654 for these years. Hilton E. Torkelson, pro se. Larry K. Akins and Patrick J. Dowling, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Respondent determined deficiencies in petitioner's income taxes and additions to tax under sections 6651(a), [1] 6653(a) and 6654 for the taxable *674 years ending February 29, 1976, February 28, 1977, and February 28, 1978. The parties subsequently stipulated that the following lesser amounts would be due were petitioner's arguments for relief rejected: Deficiency (self-
Taxable year
employment
Additions to tax
ending
taxes)
sec. 6651(a)
sec. 6653(a)
sec. 6654
Feb. 29, 1976
$809.06
$62.27
$40.45
$14.25
Feb. 28, 1977
766.82
116.71
38.34
17.89
Feb. 28, 1978
619.95
54.99
31.00
21.45
Thus, the sole issue for decision is whether petitioner is relieved from paying tax by virtue of various constitutional arguments. This case was submitted to the Court fully stipulated under Rule 122. The stipulation of facts, supplemental stipulation of facts, and exhibits attached thereto are incorporated herein by this reference. The parties stipulated that petitioner is an individual taxpayer who resided in Robinson, Kansas, at the time this petition was filed. For the taxable years ending February 29, 1976, February 28, 1977, and February 28, 1978, petitioner owned and operated *675 a machine shop business known as Tork's Welding in Robinson, Kansas. Petitioner did not file a Federal income tax return for any of these taxable years. Petitioner refused to comply with respondent's request for books and records for examination purposes. Thus, respondent computed the deficiencies in income and self-employment taxes set forth in the statutory notice based upon (1) the income and expenses shown on the return filed by the petitioner for the taxable year ending February 28, 1975, and (2) income statistics for 1976, 1977 and 1978 prepared by the Kansas Crop & Livestock Reporting Service. Respondent used the Farm Income report to reconstruct petitioner's income because petitioner's business in these years was principally dependent upon the neighboring farm community. Subsequent to the filing of the petition in this case, the petitioner submitted various records to the respondent and the parties stipulated the amounts petitioner would owe were his arguments for relief rejected. Petitioner previously has raised the arguments currently before the Court in four separate motions. Each motion, two for summary judgment, one to dismiss for lack of jurisdiction, and one *676 for judgment on the pleadings was rejected by this Court, without comment. Petitioner's arguments are summarized as follows: (1) Respondent's deficiency determination was arbitrary; (2) the income tax is a direct tax in violation of the Sixteenth Amendment; (3) wages, salaries, fees, first-time ocmmissions or compensation for any kind of labor does not constitute income; (4) income is that which is derived from Government granted privileges; (5) labor is not a Government granted privilege and petitioner is therefore not required to file a return or pay tax on the fruits of his labor; and (6) the Court is without jurisdiction. First, we note that where the taxpayer refuses to supply records for the purpose of examination, respondent is given great latitude and may use any reasonable method to reconstruct income. Giddio v. Commissioner,54 T.C. 1530, 1532-1534 (1970). Petitioner has presented no evidence to support his contention that respondent's determination was arbitrary and has thus failed to meet his burden on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. In any event, the parties *677 have stipulated as to the proper amounts of deficiency for the taxable years before us. Next, we note briefly that petitioner's other arguments are wholly without merit. Income tax is not an excise tax and does not violate the Sixteenth Amendment. Amon v. United States,514 F. Supp. 1293, 1296-1297 (D. Colo. 1981). Compensation for services is clearly gross income subject to taxation. Eisner v. Macomber,252 U.S. 189 (1920); Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). This Court has jurisdiction to hear cases pursuant to petitions which are timely filed for the purpose of contesting the determination made in a statutory notice of deficiency. The LTV Corporation v. Commissioner,64 T.C. 589 (1975). Petitioner is therefore liable for the deficiency in tax as stipulated by the parties. Further, we take this opportunity to comment once again on the disruptive effect on this Court of meritless issues brought by tax protesters, and the need to deal with such cases summarily, decisively and without scholarly discussion of their frivolous arguments. McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), *678 affd.     F.2d    , 83-1 USTC 9152 (9th Cir. 1983). The next issue is whether petitioner is liable for the additions to tax pursuant to sections 6651(a), 6653(a) and 6654. Section 6651(a) provides for an addition to tax for failure to file a timely return unless such failure was due to reasonable cause and not due to willful neglect. Section 6653(a) provides an addition to tax for negligence or the intentional disregard of the rules and regulations concerning income tax. Section 6654 provides for a mandatory addition to tax for the underpayment of estimated taxes. Petitioner bears the burden as to each addition to the tax. Welch v. Helvering,supra;Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner offered no evidence to rebut respondent's determinations, other than his patently frivolous constitutional arguments enumerated above, and respondent's determination is therefore sustained. [2]
*679 Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. See Lively v. Commissioner,T.C. Memo. 1982-590; Funk v. Commissioner,T.C. Memo. 1981-506; Miller v. Commissioner,T.C. Memo. 1981-296; Crisman v. Commissioner,T.C. Memo. 1980-361↩.