Robert E. **GERBEC** and Elizabeth W. Gerbec, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Raymond E. **MORGAN** and Jennifer L. Morgan, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Nos. C2–95–1263, C2–95–1264.

United States District Court, S.D. Ohio, Eastern Division.

Jan. 9, 1997.

Richard Adams Cordray, Grove City, OH, Stephen L. Hester, Washington, DC, for Plaintiffs.

Brenda L. Dodrill, U.S. Attorney's Office, Columbus, OH, Michael W. Davis, U.S. Dept. of Justice, Washington, DC, for Defendants.

## OPINION AND ORDER

GRAHAM, District Judge.

Plaintiffs Robert E. Gerbec and Raymond E. Morgan are both former employees of Continental Can Company, Inc. ("Continental") who were wrongfully discharged as part of an illegal scheme to reduce pension liabilities. Here, they are seeking refunds of federal income taxes and FICA taxes paid on amounts they received in settlement of a class action lawsuit against Continental. *See McLendon v. Continental Group, Inc.,* 749 F.Supp. 582 (D.N.J.1989), *aff'd sub nom McLendon v. Continental Can Co.,* 908 F.2d 1171 (3d Cir.1990); *Gavalik v. Continental Can Co.,* 812 F.2d 834 (3d Cir.1987), *cert. denied,* 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987), and *McLendon v. Continental Group, Inc.,* 802 F.Supp. 1216 (D.N.J. 1992) (hereinafter referred to as the *"McLendon/Gavalik"* litigation.)

The *McLendon/Gavalik* plaintiffs asserted claims under § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. In December 1990, Continental settled their claims for the total sum of four hundred and fifteen million dollars. In 1992, the settlement fund was distributed to members of the class according to a formula devised by a special master appointed by the trial court. Gerbec received a total pre-tax award of $60,065.00 from the *McLendon/Gavalik* settlement fund, and Morgan received $94,410. Federal income taxes and FICA taxes were withheld from these amounts.

Section 61(a) of the Internal Revenue Code defines gross income broadly as "all income from whatever source derived" not expressly excluded by the Code. 26 U.S.C. § 61(a). Courts give effect to that broad definition by interpreting the statutory exclusions from gross income narrowly. *U.S. v. Burke,* 504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992).

Section 104(a)(2) of the Internal Revenue Code, 26 U.S.C. § 104(a)(2) (1988), excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." Treasury Regulation 26 C.F.R. § 1.104–1(c) (1994) provides that the exclusion encompasses "an amount received ... through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." The issue presented in this tax refund litigation is whether the money received by Gerbec and Morgan as a result of the settlement of the *McLendon/Gavalik* litigation represented damages received on account of personal injuries.

When the *McLendon/Gavalik* cases were settled, it was unclear what damages were recoverable for a violation of ERISA § 510, i.e. whether ERISA provided only equitable rights and remedies or whether it also provided tort type rights such as compensatory and punitive damages. The Supreme Court of the United States resolved the matter in 1993, holding that relief under ERISA § 502(a), 29 U.S.C. § 1132(a) was limited to traditional notions of equitable relief and did not encompass compensatory and punitive damages. *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 256–57, 113 S.Ct. 2063, 2069, 124 L.Ed.2d 161 (1993). Nevertheless, it is clear from the record that the special master in the *McLendon/Gavalik* cases intended to award members of the plaintiff class damages for non-pecuniary losses including impairment of earnings ability, mental anguish, emotional distress, and dignitary loss when the settlement funds were distributed in 1992.

Plaintiffs assert that they are entitled to the benefit of § 104(a)(2) of the Internal Revenue Code because the monies they received from the settlement fund represent damages on account of personal injuries from

claims based on tort type rights. The government contends, on the other hand, that it is impossible for plaintiffs to satisfy the requirements of § 104(a)(2), because the Supreme Court has held that tort type damages are not recoverable under § 502 of ERISA. According to the government, it matters not what the plaintiffs or the special master may have intended when the *McLendon/Gavalik* litigation was settled because ERISA damages are limited to equitable relief under the 1993 Supreme Court decision in *Mertens.* This Court is persuaded that the government's position is correct.

■■■■ The Supreme Court has held that in order to qualify for the exclusion provided in § 104(a)(2), a taxpayer must establish two independent elements:

> In sum, the plain language of § 104(a)(2), the test of the applicable regulation, and our decision in *Burke* establish two independent requirements that a taxpayer must meet before a recovery may be excluded under § 104(a)(2). First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights"; and second, the taxpayer must show that the damages were received "on account of personal injuries or sickness."

*Commissioner v. Schleier,* —— U.S. ——, ——–——, 115 S.Ct. 2159, 2166–67, 132 L.Ed.2d 294 (1995). A cause of action is based upon tort or tort type rights only if it creates a remedy for a personal injury. *Schleier,* —— U.S. at ——–——, 115 S.Ct. at 2166–67; *United States v. Burke,* 504 U.S. 229, 237 n. 7, 112 S.Ct. 1867, 1872 n. 7, 119 L.Ed.2d 34. (1992) A claim that permits only equitable relief does not pass this test. *Schleier,* —— U.S. at ——–——, 115 S.Ct. at 2166–67; *Burke,* 504 U.S. at 238–39, 112 S.Ct. at 1872–73. Since the Supreme Court held in *Mertens* that a claim based on ERISA § 502 is not based upon tort or tort type rights, it follows that the plaintiffs cannot satisfy the first prong of the *Schleier* test. Their ERISA claims which produced the settlement fund were not based on tort type rights.

The issue of the taxability of the proceeds of the settlement of the *McLendon/Gavalik*

litigation was decided in favor of the plaintiffs in a split decision of a panel of the Fifth Circuit Court of Appeals in *Dotson v. United States,* 87 F.3d 682 (5th Cir.1996). This Court respectfully disagrees with the reasoning of the majority in *Dotson* and finds the logic of Judge Smith's dissenting opinion more compelling.

Judge Smith correctly stated the law in *Dotson* when he said, 87 F.3d at 691:

> Moreover, as the Supreme Court is the authoritative interpreter of federal law, earlier lower-court opinions reaching a different conclusion are "wrong." *Id.* (footnote omitted) Thus, *Mertens* holds that ERISA *never* provided compensatory remedies, and lower courts were in error to believe otherwise.

The plaintiffs may have hoped that their settlement would be treated as personal injury damages but the subsequent decision of the Supreme Court in *Mertens* doomed that hope.

In reaching this conclusion, this Court has not reopened, reexamined or relitigated any issue actually determined in the *McLendon/Gavalik* litigation. The issue of whether damages for personal injury were recoverable under ERISA was not actually and necessarily determined there, nor was the issue of the taxability of the proceeds of the settlement of an ERISA action determined there. Any agreements which the parties may have reached in settling the *McLendon/Gavalik* litigation would not be binding upon the government since it was not a party to those agreements. Likewise, the findings of the special master and the findings of district court when it authorized the distribution of the settlement fund did not bind the government since it was not a party to the litigation.

The majority in *Dotson* relied heavily on the interest of finality and predictability of taxation but it is difficult to see how the majority decision advances that interest when it gives rise to fact intensive inquiries as to the subjective intent of the litigants. As Judge Smith pointed out in his dissent, the rule advocated by the majority provides an incentive for the creation of a distorted paper trail purporting to show a good faith

belief in the availability of non-existent remedies. 87 F.3d at 693. The interests of finality, predictability and consistency are best served by adhering to the well-settled principle that rulings of the Supreme Court of the United States must be given full effect as to all cases still open and as to all events, regardless of whether such events predate or post-date the announcement of the rule. *Harper v. Virginia Department of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 2517–18, 125 L.Ed.2d 74 (1993).

Gerbec and Morgan both concede that they did not sustain any actual damages which would have entitled them to any form of traditional equitable relief, such as restitution or back pay. This Court concludes, as did Judge Smith in his dissent in *Dotson,* that the settlement they received was "simply a windfall, like lottery winnings or punitive damages, unrelated to any legally-protected personal injury." *Dotson,* 87 F.3d at 695. Like any other windfall, it is wholly subject to income taxes.

 Plaintiffs seek a refund of employment taxes paid on the distributions they received from the *McLendon/Gavalik* litigation under the Federal Income Contributions Act ("FICA") 26 U.S.C. § 3101 *et seq.,* arguing that the settlement was not "wages" subject to tax under 26 U.S.C. § 3121(a), which defines wages as "all remuneration for employment". The term "employment" is defined in 26 U.S.C. § 3121(b) as "any service, of whatever nature ... performed by an employee for the person employing him". The term "wages" is narrower than the term "income", wages being merely one form of income. *Royster Co. v. United States,* 479 F.2d 387, 390 (4th Cir.1973). The issue regarding FICA taxes then is whether the settlement received by the plaintiffs constitutes income which is "remuneration for employment". The court finds that it does not. Plaintiffs had already received full payment for the services they performed for Continental; thus, the settlement could not represent wages or remuneration for employment. *See Milligan v. Commissioner,* 38 F.3d 1094, 1099 (9th Cir.1994) (termination payments did not derive from prior business activity within the meaning of self-employment tax).

Plaintiffs are entitled to a refund of the overpaid FICA taxes.

Accordingly, the government's motion for summary judgment is granted in part and the plaintiffs' motions for summary judgment are granted in part. The Clerk shall enter final judgment in favor of defendant United States of America dismissing plaintiffs' claims for refund of withheld income taxes, and the Clerk shall enter final judgment in favor of the plaintiffs, Raymond E. Morgan and Jennifer Morgan, for overpaid FICA taxes in the amount of $1,817.21, and in favor of the plaintiffs, Robert E. Gerbec and Elizabeth W. Gerbec, for overpaid FICA taxes in the amount of $1,389.89.

It is so ORDERED.